**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.   20-10028-20-EFM** |
| ) | |
| **KEVIN WALKER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER RECONSIDERING DEFENDANT'S DETENTION
## BUT DENYING THE MOTION FOR RELEASE OR TEMPORARY RELEASE

On March 27, 2020, a hearing was conducted on Defendant's Motion for

Reconsideration of Release or in the Alternative Temporary Release (182).    The

Government appeared by and through Matt Treaster, Assistant United States Attorney.

The Defendant, Kevin Walker, appeared in person and through appointed counsel,

James Campbell.

The Defendant moves for reconsideration and release because (1) after waiving his

detention hearing state and city warrants which would have prevented his release have

been withdraw and (2) the Defendant has chronic medical conditions which place him at

higher risk for injury by contracting COVID-19 if he remains detained.

The release of the warrants has a "material" bearing on the release issue. The

Court will reopen the hearing on that basis pursuant to 18 U.S.C. §3142(f)(2)(B).   In a

case in which the Defendant originally waived the hearing, this results in a new detention

hearing. Therefore, the Court will consider this matter as though it is an original hearing.

I.	The Detention Issue

The Government requested a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C).   The Government argues that the Defendant is a flight risk and a danger to the community or other persons. The Government urges the application of a presumption of detention under 18 U.S.C. § 3142(e)(3)(A) because probable cause exists to believe the defendant has committed an offense under the Controlled Substances Act for which a maximum sentence of ten (10) years or more is prescribed.    Defendant argues that there are conditions of release which can be imposed by the Court that will allow Defendant to be released on bond and overcome the presumption.

The Court has heard and considered proffers from both parties.

The Government's motion for detention is **GRANTED**.   The following findings require the detention of the Defendant pending trial in this case:

1.	Based upon the indictment, the Court finds that there is probable cause to believe that the Defendant committed an offense under the Controlled Substances Act for which a maximum sentence of ten (10) years or more is prescribed.   Therefore, the law imposes a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

2.	The Court has considered the following factors under 18 U.S.C. § 3142(g):

**A.   The nature and circumstances of the offense charged**. The nature of the charged offense is serious and carries substantial potential penalties including a potential 5-year minimum sentence. The Defendant is charged as part of a large-scale drug-trafficking conspiracy.   This factor favors detention.

**B.     The weight of the evidence is substantial.**

**C.     The history and characteristics of the Defendant.**

The Defendant has a long criminal history significant for crimes of violence and failures to comply with court conditions.   The Court finds that the Defendant's medical history, coupled with the current medical emergency, is not relevant to the questions of risk of flight or danger, but will consider those issues below.    This factor favors detention.

**D.   The nature and seriousness of the danger to any person or the community posed by the Defendant's release.**   There is no particularized evidence of danger beyond that inherent in the charged offenses and recognized by the presumption.

3.     The Defendant has not rebutted the presumption.   The Court has considered available options, and finds by a preponderance of the evidence that there are no conditions or combination of conditions that may assure the Defendant's presence for future proceedings in this matter or, by clear and convincing evidence, the safety of the community.

4.     The Court has considered and adopted the recommendations contained in the Pretrial Services Report.   The Court does not consider the PTRA score.

II.     Motion for Temporary Release

The Defendant also moves for temporary release under 18 U.S.C. §3142(i), which permits temporary release for "compelling" reasons.   The Defendant proffers that he is "54 years old and has been disabled for 5 to 6 years, he is a diabetic, and also has [respiratory] issues."   Defendants points out the current national medical emergency and

claims that his release is necessary to protect him from exposure to the COVID-19 illness in the jail.

The Court takes judicial notice of the present national (and world-wide) emergency. There is little point in a detailed snapshot of the status of the constantly-developing emergency. There are an increasing number of COVID-19 cases and deaths from the illness in every State, including Kansas. Much of the nation is under voluntary or mandatory "stay-at-home" orders which require or encourage minimal contact between citizens in an effort to slow the spread of the virus. Restaurants, schools, universities, hotels, bars, many retail establishments and business have closed. The Chief Judge of the District of Kansas has issued emergency orders suspending most in-person non-emergency criminal hearings including jury trials. (Orders 2020-2 and 2020-3). The President has extended federal guidance recommending "social distancing" through April 30.

The Defendant is detained in the Butler County Jail though a contract between the United States Marshal's Service and the Sheriff of Butler County, Kansas. The jail has implemented some precautions as a result of the current emergency. These include:

1. Prohibiting contact visits with inmates unless is it attorney/client.
2. Cancelling all onsite family/friend visitation completed through on-site terminals.
3. Screening all attorneys for signs and symptoms of the virus upon entering the lobby.
4. Offering attorneys a non-contact room first but not denying access to their client if a contact room is requested.
5. Cancelling all volunteer programs.
6. Putting sanitation procedures in place throughout the facility, including in both contact and non-contact visitation rooms.
7. Putting booking/admission sign and screening procedures in place. All inmates will be screened immediately upon arrival to the facility to decide if admission will be accepted.
8. Putting screening procedures throughout the facility in place.

Defendant claims that the jail lacks some sanitation items such as adequate soap, hand-sanitizer, disinfectant wipes and masks. Defendant claims that the jail inherently cannot eliminate close contact among prisoners. At this writing there is no claim that a COVID-19 case has occurred at the jail, or that if there is an outbreak the jail cannot respond.

Under 18 U.S.C. §3142(i) the Court may issue a "subsequent" order to release the Defendant for a "compelling reason." This issue has been recently considered in this District by Magistrate Judge Mitchell in *United States v. Clark*, 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. March 25, 2020). That persuasive opinion will be followed here.

There is authority for granting temporary release for medical reasons, when the medical conditions are acute and profound, or the jail is unable to provide appropriate care. *United States v. Clark*, *supra*, page 4 (summarizing cases). In *Clark*, the Court recognized four factors to consider: (1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

    1.  Original grounds for detention.

The Defendant was detained as both a flight risk and a danger to community. This was based, in part, on a statutorily-imposed presumption of detention based on the charges in this case. Beyond that, the Defendant is alleged to be involved in a large drug-trafficking conspiracy. He is facing serious charges, one of which carries a 5-year mandatory minimum sentence. He has a substantial and lengthy criminal history and, significant to the present motion, a poor record of compliance with pretrial or post-

conviction court conditions. This latter consideration is relevant to the court's ability to impose conditions that could protect the Defendant and supervising court personnel from current emergency.

2. The specificity of Defendant's COVID-19 concerns.

The Defendant is specifically concerned about the effect of COVID-19 if he contracts the disease based on his increased vulnerability. His concern that he may be more at risk than the general population to contract the disease is not well supported, but the Court recognizes that persons with pre-existing conditions are more at risk for a poor outcome once contracting the illness. However, there is no indication that he is currently ill from his chronic conditions, or that the jail is unable to care for him. There is no claim that the conditions of his confinement fail to meet constitutional standards. *See generally* ***Bell v. Wolfish***, 441 U.S. 520 (1979); **Burke v. Regaldo**, 935 F.3d 960 (10th Cir. 2019).

3. The proposed release plan and 4. increased risk to others.

The Defendant proposes a general release, presumably with conditions. The Defendant fails to establish that releasing him would make him safer from the virus than confinement. There are no current cases in the jail, and no indication that the jail would be unable to isolate a case if one arose. While prisoners are at proximity to each other, they are separated from the general population to a greater extent than one at liberty. There is also no indication that the jail would be unable to care for him if he became ill. The Defendant would be at risk of contracting the disease in the general public, and the Court has no confidence that conditions of release designed to insulate the defendant from the public for that purpose, if such could be devised, would be honored. Furthermore, release would require or enable contact with pretrial services

and others, which would further expose the Defendant.   The efficacy of protecting the Defendant from the virus by releasing him from jail is not established. Given that the Court has found that releasing the defendant poses a risk to the public, it is not rational to override that concern with the general risk presented by the virus under present circumstances.

Given the Court's previous finding that the Defendant is a flight risk and a danger to community, and the lack of evidence that the current emergency requires the release of the Defendant, the motion for temporary release is DENIED.

Defendant is advised of his right to seek a review and appeal of this order of release pursuant to 18 U.S.C. § 3145(b).

IT IS THEREFORE ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.   The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 30th day of March 2020.


____s/ KENNETH G. GALE_____
KENNETH G. GALE
United States Magistrate Judge